UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FILIBERTO FELICIANO, | |
| Plaintiff, | Civ. No. 17-8291 (KM) (JSA) |
| v. | |
| OFFICER MAY, | OPINION |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.**

I.   **INTRODUCTION**

Plaintiff Filiberto Feliciano ("Plaintiff") is proceeding *pro se* with a civil rights complaint under 42 U.S.C. § 1983. (DE 1.) Now before the Court are Plaintiff's motion for summary judgment against the sole Defendant, Officer Kimberly May ("Officer May") (DE 54), and Officer May's cross-motion for summary judgment (DE 57). For the following reasons, Plaintiff's motion for summary judgment will be denied and Officer May's cross-motion for summary judgment will be granted.

II.   **BACKGROUND**

   A.   **Factual Background**

A party who files a motion for summary judgment is required under Local Civil Rule 56.1 to provide "a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion." L. Civ. R. 56.1(a). When a motion for summary judgment is unaccompanied by this statement of material facts, Local Civil Rule 56.1 states that the motion "shall be dismissed." *Id.* Under this rule, the non-moving party is similarly required to provide a

"responsive statement of material facts." *Id.* "Any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.*

Here, Plaintiff did not provide a statement of material facts with his motion for summary judgment, nor did he file a responsive statement of facts in opposition to Defendant's cross-motion for summary judgment. The Third Circuit has, however, "traditionally given *pro se* litigants greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron v. Grace*, 6 F.3d 147, 153 n.2 (3d Cir. 1993) (citations omitted). Therefore, the Court will draw the relevant underlying facts from the sources available, such as the pleadings (where not controverted) and Plaintiff's answers to interrogatories.

Plaintiff alleges that while he was detained at Essex County Correctional Facility ("ECCF"), Officer May was in charge of the "pod" he lived in from April 2019 to July 2019. (DE 1 at 4.) From "sources unknown," Officer May became aware that Plaintiff was positive for human immunodeficiency virus ("HIV"). (*Id.*) After Officer May and Plaintiff came "to a misunderstanding," Officer May allegedly disclosed Plaintiff's HIV positive status to other inmates within his pod. (*Id.* at 6.) Plaintiff submits that not only was this an unconstitutional violation of his medical privacy, but that it also placed him in "danger amongst [his] peers." (*Id.*)

Plaintiff submitted multiple grievances about the incident "via tablet" and spoke with another officer about it. (*Id.*) Plaintiff's grievances about the incident were denied. (*Id.*) In his request for relief, Plaintiff now seeks $100,000 from Officer May and demands that she be fired. (*Id.*)

Contrary to Plaintiff's allegations, Officer May denies knowing, prior to Plaintiff's civil rights complaint, that Plaintiff was HIV positive. (DE 57-1 at 6.) She also denies revealing this information to other inmates. (*Id.*) Officer May states that medical care at ECCF was conducted

by a contractor, CFG, and that, as a matter of course, corrections officers were not provided with the medical conditions of inmates. (*Id.* at 6–7.) Officer May admits that she oversaw Plaintiff's pod and did discipline him for various infractions of jail rules. (*Id.*) But she avers that these disciplinary actions had "nothing to do with [Plaintiff's] medical information or issues" and were upheld by her superiors. (*Id.*)

### B.      Procedural Background

Plaintiff filed this civil rights complaint on October 6, 2017 (DE 1 at 7), and Officer May filed an answer (DE 12). Plaintiff filed his motion for summary judgment on August 18, 2020. (DE 54.) In response, Officer May filed a cross-motion for summary judgment. (DE 57). Plaintiff did not respond to Officer May's cross-motion or submit any additional filings related to either motion for summary judgment.[1]

## III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude the Court from granting a motion for summary judgment. *See id.*

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *See*

---

[1] Plaintiff did file a Notice of Appeal to the United States Court of Appeals for the Third Circuit on January 21, 2021. (DE 63.) The Notice of Appeal seems to indicate that Plaintiff was under the incorrect impression that the Court had already ruled on his motion for summary judgment. (*Id.*) This, however, is the Court's first and only ruling on that motion or Officer May's cross-motion.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A party asserting that a fact [is not] genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions, documents ..., affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (*quoting Anderson*, 477 U.S. at 249-50)). "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250-51.

"In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F. 3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). In that respect, the Court's role in deciding a motion for summary judgment is simply "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.

IV.     ANALYSIS

Plaintiff's sole argument in his motion for summary judgment is that he should prevail on his § 1983 claim because Officer May violated his rights under the Health Insurance Portability and Accountability Act ("HIPAA") by informing other inmates that he was HIV positive. (DE 54 at 1.) In her cross-motion for summary judgment, Officer May asserts that there is no §1983 cause of action for an alleged HIPAA violation. (DE 57-2 at 5–6.) As a result, Officer May argues, she cannot be held liable under § 1983. (*Id.*)

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011); *see also West v. Atkins*, 487 U.S. 42, 48 (1988). With regard to HIPAA itself, the Third Circuit has held that "HIPAA does not create a private right of action." *Johnson v. WPIC*, 782 F. App'x 169, 171 (3d Cir. 2019); *see also Hatfield v. Berube*, 714 F. App'x 99, 105 (3d Cir. 2017). And because HIPAA does not create such a private right, it therefore "'cannot be privately enforced … via § 1983.'" *Dade v. Gaudenzia DRC, Inc.*, No. 13-1381, 2013 WL 3380592, at *2 (E.D. Pa. July 8, 2013) (quoting *Adams v. Eureka Fire Prot. Dist.,* 352 F. App'x 137, 138 (8th Cir. 2009)); *see also Reeves v. Hemsley*, No. 18-14061, 2019 WL 2560133, at *11 (D.N.J. June 21, 2019) (dismissing with prejudice all claims against defendants for allegedly violating the plaintiff's HIPAA rights because such claims could not form the basis of a civil rights action); *Kashkashian v. Markey*, No. 16-3755, 2017 WL 5518024, at *2 (E.D. Pa. Nov. 17, 2017) ("HIPAA, which deals with access to protected health information, does not provide a private cause of action and therefore is not a cognizable Fourteenth Amendment claim [against state officials under Section 1983].") Other circuit courts to have considered this issue have held

similarly. *See Meadows v. United Services, Inc.*, 963 F.3d 240, 244 (2d Cir. 2020) (holding that there is "no private cause of action under HIPAA, express or implied" and that "all other circuits to have considered the question" have held the same); *Faber v. Ciox Health, LLC*, 944 F.3d 593, 596–97 (6th Cir. 2019); *Stewart v. Parkview Hosp.*, 940 F.3d 1013, 1015 (7th Cir. 2019); *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *United States v. Streich*, 560 F.3d 926, 935 (9th Cir. 2009); *Acara v. Banks*, 470 F.3d 569, 570–71 (5th Cir. 2006).

So even assuming the allegations in Plaintiff's Complaint are true, Plaintiff cannot recover under § 1983 against Officer May for an alleged HIPAA violation. *See Johnson*, 782 F. App'x at 171; *Dade*, 2013 WL 3380592, at *2. Since this issue is dispositive of the both the motion and cross-motion for summary judgment, the Court need not consider Officer May's other arguments. Thus, Plaintiff's motion for summary judgment is denied and Officer May's cross-motion for summary judgment is granted.

### VI.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED and Officer May's cross-motion for summary judgment is GRANTED. An appropriate Order will be entered.

DATED:  March 29, 2021                                          /s/ Kevin McNulty

                                                               _____
                                                               KEVIN MCNULTY
                                                               United States District Judge